UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                     PLAINTIFF/RESPONDENT

vs.                                   CRIMINAL ACTION NO. 3:06-CR-00105-TBR

CARTER EUBANKS, JR.                          DEFENDANT/MOVANT

**RESPONSE TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE DUE
TO DEBILITATING MEDICAL CONDITION [DN 128]**
*- Electronically Filed -*

The United States offers the following response to the Defendant's motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The United States agrees that the Defendant's current medical condition and prognosis qualify as "extraordinary and compelling circumstances." The United States does not oppose a statutory modification of the Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), provided however, that the Defendant be released to a term of probation or supervised release equal to the undischarged portion of his sentence.

**Background**

On February 19, 2008, the Defendant was brought before the Court on a twelve-count indictment pursuant to a *Writ of Habeas Corpus ad Prosequendum*. The defendant was already serving a fifteen year sentence for armed robbery in the Mississippi Department of Corrections pursuant to Madison County Circuit Court Case No. 2006-0507.

On February 19, 2010, a jury found the Defendant guilty of three counts of bank robbery, three counts of armed bank robbery, one count of brandishing a firearm in the commission of a crime of violence, two counts of using a firearm in the commission of a crime of violence, and

1

three counts of possession of a firearm by a convicted felon. On May 17, 2010, the Defendant was sentenced to a total of 835 months imprisonment. The sentence was ordered to run consecutively to the sentence out of Madison County Mississippi Case No. 2006-0507.

Following sentencing, the Defendant was returned to the custody of the state of Mississippi, where he continued to serve his state sentence. On June 21, 2021, after two catastrophic medical events that rendered him bedridden and unable to care for himself, he was paroled on the state sentence and released to the custody of the United States Marshals Service ("USMS") to await transfer to the Bureau of Prisons ("BOP") to begin his federal sentence. At the time of this filing, representatives from the USMS have advised that the Defendant has yet to receive a designation to a BOP facility and despite requests that the matter be taken up with urgency, BOP has not acted. The Defendant continues to be under constant care in a rural civilian hospital in Mississippi, with two, round-the-clock, armed guards at his bedside.

Medical records provided to the USMS, and attached to this response, show that as recently as July 15, 2021, there had been no change in the Defendant's condition. He remains unable to speak or move the left side of his body, he is connected to a feeding tube, and he recently sustained an infection that necessitated installation of a foley catheter.

## Authority

In his motion, the Defendant seeks immediate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based upon his disabled and debilitated condition. Section 3582(c)(1)(A) permits a court to modify a term of imprisonment if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §

2

3582(c)(1)(A)(i). The court must also consider the "[sentencing] factors set forth in section 3553(a) to the extent they are applicable." *Id*. Congress has not defined what constitutes an "extraordinary and compelling" reason; however, it has charged the Sentencing Commission with "describing what should be considered extraordinary and compelling reasons for sentence reductions, including the criteria to be applied and a list of specific examples." *United States v. Webster*, No. 3:91CR138 (DJN), 2020 WL 618828, at *4 (E.D. Va. Feb. 10, 2020) (quoting 29 U.S.C. § 994(t)). The Sentencing Commission Commentary provides that extraordinary and compelling reasons may exist in the following circumstances:

> (A) Medical Condition of the Defendant.
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>> (ii) The defendant is
>>
>>> (I)   suffering from a serious physical or medical condition,
>>>
>>> (II)   suffering from a serious functional or cognitive impairment, or
>>>
>>> (III)   experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide self- care within the environment of a correctional facility and from which he or she is not expected to recover.
>>     . . .
> (D) Other Reasons. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, n.1.

3

The United States agrees that the Defendant's medical condition meets the definition of "extraordinary and compelling circumstances." The United States also agrees that the Defendant's administrative remedies have been exhausted, as BOP has declined to grant a reduction in sentence on its own.

Section 3582(c)(1)(A), in granting the Court the authority to modify the sentence, specifically also authorizes the Court to "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). As discussed below, the United States believes the statutory sentencing factors support a modification of sentence that includes releasing the defendant from incarceration and imposing a term of probation or supervised release equal to the undischarged portion of the defendant's sentence, with conditions and duration to be decided by the Court and U.S. Probation.

## Sentencing Factors

Even when a defendant is statutorily eligible for a sentence reduction based on an "extraordinary and compelling reason," compassionate release is not necessarily appropriate. Before ordering relief, courts must consider the factors set forth in 18 U.S.C. § 3553(a). Such factors include:

(1)   the nature and circumstances of the offense and the
       history and characteristics of the defendant;

(2)   the need for the sentence imposed--

    (A)   to reflect the seriousness of the offense, to promote
              respect for the law, and to provide just punishment
              for the offense;

    (B)   to afford adequate deterrence to criminal conduct;

    (C)   to protect the public from further crimes of the defendant; and

      (D)        to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the kinds of sentence and the sentencing range established for [the applicable offense category as set forth in the guidelines];

(5)    any pertinent policy statement . . . by the Sentencing Commission;

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense.

18 U.S.C § 3553(a).

Weighing in favor of release are the following facts. The Defendant is a sixty-six year old man with a poor medical prognosis. He has suffered a stroke on each side of his brain, and has been an invalid for nearly six weeks. He is presently admitted to a small rural hospital with no neurologist on staff, and he has no designation from BOP nor any onboarding date. Medical staff at the hospital advise that the Defendant needs to be in a nursing home or similar facility given the level of staffing and care he requires.

Despite his present condition, however, the Defendant presents with a long history of violent crime and a history of recidivism. He has been convicted of armed robbery in multiple states, and multiple times at both the state and federal level. While he is not presently a danger to the community given his medical condition, the statute does direct the Court to consider the defendant's history.

5

The offenses in this case were gravely serious, and the victims were impacted to a significant, and somewhat life-altering degree, as described in the Presentence Report. The Defendant has served just over one month of an 835-month prison sentence in this case. While it seems only a miracle could change the trajectory of the Defendant's medical condition, the United States believes that an immediate release with "time served" would minimize the seriousness of the offenses of conviction.

On balance, the United States believes the 3553 factors support a middle ground, and certainly the compassionate release statute recognizes that in some circumstances that may be appropriate. The United States concedes that incarceration at this point does nothing to accomplish rehabilitation, training, or treatment and arguably does little to accomplish punishment or deterrence given the defendant's current condition. A modification of the sentence that would release the defendant to a term of supervised release or probation would provide insurance to the community in the event of a miraculous recovery and would more appropriately reflect the seriousness of the underlying offenses. Supervised release or probation would also allow the Defendant to get medical care closer to his family, and possibly in an environment better suited for his particular condition. The specific conditions or terms of supervision could be left to the discretion of U.S. Probation, and of course, supervised release can always be terminated early if the Court sees fit.

## Conclusion

For the foregoing reasons, the United States urges the Court to consider, as an alternative to reducing the sentence to "time served," a modification of the sentence which places the defendant on supervised release or probation for a term equal to the undischarged portion of the Defendant's sentence.

6

The following Exhibits will be filed under seal: Exhibit 1 – Medical Records, Exhibit 2 –

BOP Denial Letter.

Respectfully submitted,

MICHAEL A. BENNETT
Acting United States Attorney

*s/ Erin G. McKenzie*
Erin G. McKenzie
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
PH: (502) 582-5911
Erin.McKenzie@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2021, I electronically filed the foregoing with the clerk of
the court by using the CM/ECF system, which will send notice to all counsel of record.

*s/ Erin G. McKenzie*
Erin G. McKenzie
Assistant United States Attorney