UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:06-CR-105-TBR

UNITED STATES OF AMERICA,                                        PLAINTIFF

v.

CARTER EUBANKS, JR.,                                             DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Eubanks's Motion for Compassionate Release Due to Debilitating Medical Condition from which Defendant will not Recover. [DN 128]. The Government has responded, agreeing that the Defendant's current medical condition and prognosis qualify as "extraordinary and compelling circumstances." [DN 129]. Defendant did not file a reply, and this matter is ripe for adjudication. For the reasons stated herein, Defendant's Motion for Compassionate Release, [DN 128], is **GRANTED**.

**BACKGROUND**

On February 19, 2010, a jury found Defendant guilty of three counts of bank robbery, three counts of armed bank robbery, one count of brandishing a firearm in the commission of a crime of violence, two counts of using a firearm in the commission of a crime of violence, and three counts of possession of a firearm by a convicted felon. [DN 82]. Subsequently, on May 17, 2010, Defendant was sentenced to a total of 835 months imprisonment and five years supervised release. [DN 91 at 3–4]. This sentence was ordered to run consecutively to the fifteen-year sentence that

Defendant was already serving for armed robbery in Madison County Circuit Court, Ridgeland, Mississippi, Case No. 2006-0507. *Id.* Following sentencing, Defendant was returned to the custody of the state of Mississippi, where he continued to serve his state sentence.

Defendant was in the custody of the state of Mississippi serving his state sentence until May 17, 2021 when he was paroled. Pursuant to Defendant's federal detainer, he was immediately taken into the custody by the United States Marshals Service (USMS) to await transfer to the BOP to begin his federal sentence. On May 26, 2021, Defendant had his first stroke which left him partially paralyzed on his left side. [DN 131-6]. Defendant then suffered a second stroke on June 12, 2021, which caused his condition to deteriorate rapidly and rendered him bedridden with limited neurological or cognitive function, no ability to verbalize or perform any "Activities of Daily Living" (ADL), a feeding tube, and supplemental oxygen. [*See* 08-04-2021 Progress Note by John Kayoma, MD]. As of August 4, 2021, Defendant's condition has not improved and Dr. Kayoma stated that his prognosis is not good. [08-04-2021 Progress Note]. Defendant remains under constant care in a rural civilian hospital in Mississippi, with two, round-the-clock, armed guards at his bedside. The USMS has advised that Defendant has yet to receive a designation to a BOP facility. In the instant Motion, Defendant argues that his medical condition meets the criteria of "extraordinary or compelling circumstances" under 18 U.S.C § 3582(c)(1)(A) and requests an order reducing his sentence to time served based upon his diagnosis of a debilitating medical condition from which he will not recover. [DN 128 at 1]. The United States agrees that Defendant's current medical condition and prognosis qualify as "extraordinary and compelling circumstances" and does not oppose a statutory modification to Defendant's sentence, "provided however, that the Defendant shall be released to a term of probation or supervised release equal to the undischarged portion of his sentence." [DN 129 at 1]

## LEGAL STANDARD

"The court may not modify a term of imprisonment once it has been imposed except that-

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction"

18 U.S.C.A. § 3582(c)(1)(A). "The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences." *United States of America v. D-1 Duwane Hayes*, No. 16-20491, 2020 WL 7767946, at *1 (E.D. Mich. Dec. 30, 2020) (citing *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)). "Now, an imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

In considering a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A), a district court shall engage in a "three-step inquiry." *United States v. Elias*, No. 20-3654, 2021 WL 50169, at *1 (6th Cir. Jan. 6, 2021) (citing *Jones*, 980 F.3d at 1101). First, "the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Second, the court must "ensure 'that such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Although the Sentencing Commission's policy statement on reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is recited at U.S.S.G. § 1B1.13, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 . . . [and] the policy statement does not wholly survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (citing U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)).

Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act,  U.S. Sentencing Guideline § 1B1.13 is no longer an "applicable" policy statement in cases where an incarcerated person, as opposed to the Director of the Bureau of Prisons, files his or her own compassionate release motion in district court. *Jones*, 980 F.3d at 1109. Accordingly, district courts "may skip step two of the § 3582(c)(1)(A) inquiry" and have "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109, 1111. Thus, for now, district courts need not ensure that their ideas of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) are consistent with the Sentencing Commission's idea of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) as currently reflected at U.S.S.G. § 1B1.13.

Despite the Sixth Circuit's holding in *Jones*, this Court agrees with the United States District Court for the Eastern District of Kentucky in stating that "[w]hile the policy statement found in U.S.S.G. § 1B.13 of the Sentencing Guidelines is not binding, it provides a useful starting point to determine whether extraordinary and compelling reasons exist." *United States v. Muncy*, No. 6: 07-090-DCR, 2020 WL 7774903, at *1 (E.D. Ky. Dec. 30, 2020). Congress provided no statutory definition of "extraordinary and compelling reasons" in section 3582(c)(1)(A). *United*

*States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). Instead, Congress directed the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Adkins*, No. 5:18-058-DCR, 2020 WL 7755629, at *1 (E.D. Ky. Dec. 29, 2020) (quoting 28 U.S.C. § 994(t)). Those descriptions are found in § 1B1.13 of the United States Sentencing Guidelines (policy statement) and the application notes to that section.

This policy statement describes four categories of extraordinary and compelling reasons. The first three relate to an inmate's serious medical conditions, age, and status as a caregiver. U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). Specific medical conditions of a defendant constituting extraordinary and compelling reasons for a reduction in terms of imprisonment may include "terminal illness," "a serious physical or medical condition," "a serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process." *Id.* The application note to U.S.S.G. § 1B1.13 further provides that the age of a defendant may be a necessary and compelling reason for a reduction in terms of imprisonment when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.* The last category is a catch-all provision titled "Other Reasons," which reads: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, cmt. n.1(D).

After considering whether extraordinary and compelling reasons warrant a sentence reduction and whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, the district court proceeds to the third and final step of the analysis.

If a sentence reduction is warranted under steps one and two, at step three, the court is to consider whether that reduction is defensible under the circumstances of the case by considering all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)); *Elias*, 2021 WL 50169, at *1 (citing *Jones*, 980 F.3d at 1101); *Jones*, 980 F.3d at 1108.

## DISCUSSION

### I. Exhaustion of Administrative Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, --- F.Supp.3d. ----, No. 1:13-CR-186-6, 2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Marshall*, No. 3:19-CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

Here, in a letter from Kenneth Hyle, Bureau of Prison Assistant Director/General Counsel to Bryan Calhoun, Criminal Chief U.S. Attorney's Office WDKY, dated June 30, 2021, the BOP stated that it determined that based upon medical records provided by the USAO and the U.S. Marshals Service, Defendant's medical condition meets the criteria of "extraordinary or compelling circumstances" justifying a reduction in sentence pursuant to 18 U.S.C § 3582(c)(1)(a) because Defendant "has suffered a debilitating injury from which he will not recover." [DN 128-1]. However, rather than reduce Defendant's sentence itself, the BOP elected to deny Defendant's request in order "to allow the sentencing court to expeditiously consider this matter." *Id.* The BOP further stated that "[t]his memorandum constitutes exhaustion of administrative remedies under

18 U.S.C. § 3582(c)(1)(A)." *Id.* The government concedes that "the Defendant's administrative remedies have been exhausted, as BOP has declined to grant a reduction in sentence on its own." [DN 129 at 4]. Accordingly, the Court finds that Defendant has properly exhausted his administrative remedies under the First Step Act.

## II. Extraordinary and Compelling Reasons

The Sentencing Commission defines extraordinary and compelling circumstances to include a defendant's medical condition, age, family circumstances, or other reasons that alone or in combination with these circumstances are extraordinary and compelling. *See* U.S.S.G. § 1B1.13 App. Note 1(A)(i). Most relevant to Defendant, Note 1(A) provides that compassionate release may be warranted if the defendant "suffer[s] from a serious physical or medical condition" which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Here, the Court finds that Defendant's serious medical condition resulting from multiple stokes constitutes "extraordinary and compelling" circumstances justifying a reduction of Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). In its response, the government concedes as much, stating "[t]he United States agrees that the Defendant's medical condition meets the definition of 'extraordinary and compelling circumstances.'" [DN 129 at 4]. As previously stated, Defendant suffered a stroke on May 26, 2021, that left him partially paralyzed on his left side. [*See* DN 131-5]. Subsequently, Defendant was transferred to Jefferson County Hospital on June 4, 2021 and was bed bound upon arrival. While in hospital, Defendant suffered a second stroke on June 12, 2021. Pursuant to the most recent progress note from Defendant's physician— Dr. John Kayoma—dated August 4, 2021, Defendant's "current prognosis is not very good. After

his non-hemorrhagic ischemic infarct[1] on 6-12-2021, patient has not been oriented to place, time and situation and he is no longer able to verbalize. He is not able to perform any [activities of daily living] ADL." Defendant has a PEG (feeding) tube, he is on supplemental oxygen, and a CT scan of his chest performed on July 27, revealed that he has a "right hilar pulmonary emboli" and a "bilateral nodularity which is concerning for a metastatic malignant process to his chest." Dr. Kayoma further stated that the chances of Defendant "returning to a condition where he is able to ambulate and able to perform ADL for himself by himself are very remote at this time." Medical staff attending to Defendant at the hospital have advised that Defendant needs to be placed in a nursing home or similar long-term care facility for him to receive the level of around-the-clock care he requires. [07-06-2021 Email from USMS Deputy Jason Brackett to Craig Smith].

Accordingly, the Court finds that Defendant is suffering from a serious medical condition that has severely impaired his physical and cognitive functions. It is clear from medical records and progress notes from Defendant's physician that Defendant is diagnosed with a debilitating medical condition from which he will not recover. As such, the Court finds that Defendant's current medical condition constitutes "extraordinary and compelling reasons" warranting a reduction in Defendant's sentence.

### III. 18 U.S.C. § 3553(a) Factors

Even when a defendant is statutorily eligible for a sentence reduction based on "extraordinary and compelling reasons," compassionate release is not necessarily appropriate. The Court must weigh the sentencing factors in 18 U.S.C. § 3553(a) to determine whether Defendant's

---

[1] An Ischemic Stroke (clots) occurs when a blood vessel supplying blood to the brain is obstructed. American Stroke Assoc., *Types of Stroke and Treatment*, https://www.stroke.org/en/about-stroke/types-of-stroke.

sentence should be reduced. *United States v. Willis*, 382 F.Supp.3d 1185, 1188 (D.N.M. 2019). Pursuant to § 3553(a), a court imposing a sentence shall consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for [the applicable offense category as set forth in the guidelines];
>
> (5) any pertinent policy statement . . . by the Sentencing Commission;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Despite the severity of Defendant's medical condition and his unfortunate prognosis, the Court must still consider the sentencing factors set forth in 18 U.S.C. § 3553(a). In doing so, the Court acknowledges the unique nature of the facts surrounding this case considering the severity of Defendant's crimes as well as the fact that Defendant has served less than two months of his 835-month sentence. The United States agrees that a sentence reduction is appropriate under the

circumstances in this case, and concedes that "incarceration at this point does nothing to accomplish rehabilitation, training, or treatment and arguably does little to accomplish punishment or deterrence given the defendant's current condition." [DN 129 at 6]. However, the United States also highlights Defendant's long history of violent crime and recidivism as well as the severe nature of his crimes that led to his current 835-month prison sentence.

Apart from the fact that there are extraordinary and compelling (medical) reasons that warrant compassionate release, the Court finds that Defendant's early release will not pose a danger to the community because his medical condition has rendered him helpless, bedbound, and without a majority of his cognitive function. For the same reasons, the Court finds that there is no longer a need for the sentence imposed because Defendant's medical condition has rendered incarceration useless as a means to deter, educate, or train Defendant, or to protect the public from further crimes.

Accordingly, for the reasons stated, the Court finds that a reduction in Defendant's sentence to a term of supervised release for a period of five years is appropriate under 18 U.S.C. §3553(a). There is a benefit to Defendant for imposing some period on supervised release. Probation can be a great assistance in identifying facilities capable of providing needed medical care to Defendant, probably much better than his family could at this time.

## CONCLUSION

For the reasons stated, **IT IS HEREBY ORDERED** that Defendant Carter Eubanks's Motion for Compassionate Release due to Debilitating Medical Condition from which Defendant will not Recover, [DN 128], is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's 835-month sentence shall be reduced to time served followed by a term of supervised release for the statutory maximum period of five

years pursuant to 18 U.S.C. § 3583(b). Should Defendant's medical condition remain the same for a period of time, probation may consider an earlier recommendation of termination of his supervised release. Any drug testing is suspended based on the Court's determination that Defendant poses a low risk of further substance abuse due to his current medical condition.

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

August 11, 2021

CC: Counsel of Record